UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT XIONG, | No. 1:25-cv-2004 CSK |
| Petitioner, | |
| v. | ORDER |
| MINGA WOFFORD, | |
| Respondent. | |

**I.  INTRODUCTION**

Petitioner That Xiong filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention.[1]  As an infant, petitioner entered the United States on September 13, 1989 as a refugee from Thailand.  On April 3, 1992, petitioner's status was adjusted to Lawful Permanent Resident.  In May 2008, petitioner was convicted in Sacramento County Superior Court of discharging a firearm at an occupied vehicle and attempted murder after a jury trial, and sentenced to 15 years to life imprisonment.  On May 21, 2020, petitioner was ordered removed from the United States to Thailand.  On July 10, 2020, petitioner was released on an Order of Supervision pending his removal.  On December 8, 2025, the Department of Homeland Security ("DHS") received a Laotian Travel Document for petitioner.  On

---

[1] Petitioner is represented by counsel and paid the filing fee.  The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (ECF No. 9.)

1

December 18, 2025, DHS revoked petitioner's Order of Supervision.  On December 19, 2025, DHS detained petitioner to effectuate his removal.  In the petition, petitioner challenges his detention and the order for his removal.

Pending before the Court is petitioner's motion for a temporary restraining order, which has been converted to a motion for preliminary injunction, seeking petitioner's immediate release, an order requiring respondents to produce travel documents, and an order setting an expedited briefing schedule on the merits.  (ECF No. 2.)

## II.    FACTUAL BACKGROUND[2]

In the petition, petitioner states that he was born in Thailand but has never been recognized as a citizen of Thailand or any other country.  (ECF No. 1 at ¶ 8.)  Petitioner claims that he is "effectively stateless" which has repeatedly obstructed removal efforts.  (Id.)  In the opposition, respondents assert that petitioner is a citizen and national of Laos and a refugee of Thailand who entered the United States on September 13, 1989 when petitioner was four months old.  (ECF No. 11 at 2.)  The government's documents identify Thailand as petitioner's place of birth; both Laos and Thailand as petitioner's country of nationality and citizenship; and Thailand as petitioner's country of last residence.[3]  (Exh. 1, ECF No. 11-4 at 2-3 (Refugee Registration identifies Laos as country of nationality); Exh. 2, ECF No. 11-4 at 5 (Record of Lawful Permanent Residence identifies Laos as country of citizenship); ECF No. 11-4 at 21, 23 (12/19/2025 I-213 Form Record of Deportable/ Inadmissible Alien identifies both Laos and Thailand as petitioner's country of citizenship and nationality); Exh. 5, ECF No. 11-4 at 16 (5/5/2020 Notice to Appear identifies petitioner as a native and citizen of Thailand); Exh. 12, ECF No. 11-4 at 41-42 (5/5/2020 I-213 Form Record of Deportable/ Inadmissible Alien identifies Thailand as petitioner's country of citizenship and nationality).)

On April 3, 1992, when petitioner was almost three years old, his status was adjusted to

---

[2]  The factual background comes from the unverified habeas petition, documents submitted by Respondents, and the sworn declaration of Paul Villagran, DHS Deportation Officer.  (See ECF Nos. 1, 11-1, 11-3, 11-4, 17, 19.)
[3]  At the hearing, the Court inquired into this discrepancy and concluded that this dispute need not be resolved to address the preliminary injunction motion.

2

Lawful Permanent Resident. (ECF No. 11-4 at 5.)

On May 8, 2008, petitioner was convicted in Sacramento County Superior Court for discharging a firearm at an occupied vehicle and attempted murder, and on December 12, 2008, petitioner was sentenced to 15 years to life imprisonment. (Id. at 12-13, 16, 57-58.) On May 5, 2020, DHS issued petitioner a Notice to Appear in removal proceedings pursuant to Immigration and Nationality Act ("INA") § 240, 8 U.S.C. § 1229a, due to petitioner's state court criminal conviction. (Id. at 16-17.) On May 5, 2020, U.S. Immigration and Customs Enforcement ("ICE") conducted a consensual telephone interview with petitioner, who reported being a national/citizen of Thailand who entered the United States at San Francisco, California in 1989 with his family as a young child. (Id. at 42.) Petitioner reported that his parents are naturalized citizens of the United States. (Id.) Because petitioner was over the age of 18 when his parents became naturalized United States citizens, petitioner was unable to derive citizenship through his parents. (Id.) On or about May 6, 2020, DHS conducted a custody determination, provided notice to petitioner, and took petitioner into custody. (Id. at 25; Villagran Decl., ¶ 12.) Petitioner requested review of the custody determination by an immigration judge. (Id.) On May 21, 2020, an Immigration Judge ordered petitioner removed from the United States to Thailand. (Id. at 27-28.) Petitioner waived the right to appeal the removal order. (Id. at 28.) On July 10, 2020, petitioner was released from detention on an Order of Supervision with various conditions because petitioner was not deported or removed "during the period prescribed by law." (Id. at 30-34; ECF No. 11-1 at 13-20.)

On December 8, 2025, the government received a Laotian Travel Document for petitioner. (ECF No. 11-4 at 36; Villagran Decl. ¶ 15 (ECF No. 11-3).) On December 18, 2025, DHS issued a warrant for petitioner's removal. (ECF No. 11-4 at 38.) On December 19, 2025, DHS issued petitioner a Notice of Imminent Removal Pursuant to 8 C.F.R. § 241.4(g)(4) where "ICE is in possession of a travel document to affect your removal and expects this to occur in January 2026." (Id. at 45-46.) On this same date, petitioner was detained and provided with a Notice of Revocation of Release, which explained that petitioner's supervised release was revoked based on changed circumstances in his case. (Id. at 48-49.) On December 19, 2025, ICE held an informal

interview with petitioner, as required by 8 C.F.R. § 241.13(i).[4]  (ECF No. 19 at 2; ECF No. 19-1 at 2.)

On January 6, 2026, a Notice of Removal was issued advising petitioner that ICE intends to remove petitioner to Laos, which petitioner refused to sign.  (ECF No. 11-4 at 61; ECF No. 11 at 7.)  Respondents assert that petitioner would not sign the written notice form and would not discuss whether he feared removal to Laos.  (ECF No. 11 at 7.)  Respondents state that petitioner still has time to provide a statement or claim regarding fear of deportation to Laos.  (Id.)  In its opposition filed on January 6, 2026, respondents indicated that they would submit a status report to advise the Court whether petitioner provided any statement or claim regarding fear of deportation to Laos.  (Id.)  On January 13, 2026, respondents filed their status report that as of January 12, 2026, there is no record that petitioner or petitioner's counsel has expressed a fear of petitioner's removal to Laos.  (ECF No. 17.)

### III.   PROCEDURAL BACKGROUND AND CONVERSION TO MOTION FOR PRELIMINARY INJUNCTION

On December 26, 2025, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging petitioner's detention and seeking an order granting the petition for writ of habeas corpus, ordering petitioner's immediate release or supervised release, ordering a stay of removal, directing respondents to produce all travel documents and embassy communications and enjoining petitioner's re-detention absent materially changed circumstances.  (ECF No. 1 at 6.)  Petitioner simultaneously filed a motion for a temporary restraining order seeking the relief sought in the petition.  (ECF No. 2 at 5.)

On December 26, 2025, the district court issued a briefing schedule on the motion

---

[4]  At the hearing, the Court ordered the government to submit a Supplemental Status Report to address whether an informal interview of petitioner was conducted where the citation in the government's opposition was incorrect.  (See ECF No. 18; ECF No. 11 at 3.)  Respondents filed their Supplemental Status Report correcting the record and submitted an "Alien Informal Interview Upon Revocation of Order of Supervision Under 8 C.F.R. § 241.4(l); 8 C.F.R. § 241.3(i)" document dated December 19, 2025.  (ECF No. 19; ECF No. 19-1 at 2.)  Petitioner was provided an opportunity to respond to the government's supplemental filing, but did not file a response.  (See Docket.)

1  temporary restraining order. (ECF No. 6.) The district court ordered that respondents shall not
2  transfer petitioner out of this District. (Id.) The district court ordered respondents' response to
3  the temporary restraining order due within five court days and petitioner's reply, if any, due
4  within three court days of the filing of respondents' opposition. (Id.)

5  The parties consented to the jurisdiction of a United States Magistrate Judge, and on
6  December 29, 2025, this case was reassigned to the undersigned. (ECF No. 9.) That same day,
7  this Court ordered that the district judge's briefing schedule remained in place; ordered
8  respondents to include with their opposition all portions of petitioner's A-File and other
9  supporting documents referenced in or related to respondents' opposition, including copies of all
10 orders of release, documents related to any relevant violations of release, and all detention orders;
11 and ordered the parties to inform the Court whether they were amenable to converting the motion
12 for a temporary restraining order into a motion for a preliminary injunction. (ECF No. 10.)

13 On January 6, 2026, respondents filed an opposition and submitted documents. (ECF No.
14 11.) In the opposition, respondents state that they do not oppose converting the motion for a
15 temporary restraining order to a motion for a preliminary injunction. (Id. at 1 n.2.) On January 7,
16 2026, petitioner filed a reply. (ECF No. 12.) On January 12, 2026, petitioner filed a notice
17 confirming that he was also amenable to converting the motion for temporary restraining order to
18 a motion for preliminary injunction without further briefing. (ECF No. 16.) Because the standard
19 for issuing a temporary restraining order and preliminary injunction is the same, see Stuhlbarg
20 Int'l Sales Co. v. John D. Bush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001), respondents had
21 notice and the opportunity to respond in opposition, and all parties are amenable to converting the
22 motion, petitioner's motion for a temporary restraining order is converted to a motion for
23 preliminary injunction without further briefing. (See ECF Nos. 11, 16.)

24 A hearing was held on January 13, 2026. [5] (ECF Nos. 13, 18.)

---

[5] In the January 9, 2026 minute order scheduling the hearing (ECF No. 13), the Court instructed petitioner's counsel to be prepared to address at the hearing whether his motion can be converted into a motion for preliminary injunction without additional briefing and to address legal authority cited in petitioner's briefing, including two cases cited in petitioner's reply that appeared to be hallucinations: "Phan v. Barr, No. 1:19-cv-01451, 2019 WL 7758773 (E.D. Cal. Dec. 20, 2019); Flores v. Barr, No. 1:20-cv-00491, 2020 WL 1939565 (E.D. Cal. Apr. 22, 2020)." (See ECF

## IV. LEGAL STANDARDS

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) the balance of equities tips in favor of the moving party; and (4) an injunction is in the public interest. Winter, 555 U.S. at 20.

## V. DISCUSSION

In his petition, petitioner brings three claims: (1) "unlawful prolonged detention" where petitioner alleges that his "detention exceeds the presumptively reasonable period" in violation of the Fifth Amendment and Zadvydas v. Davis, 533 U.S. 678 (2001) (ECF No. 1 at 4-5, ¶¶ 29-31); (2) violation of procedural due process based on ICE's refusal to disclose travel documents or provide an opportunity to challenge removal (ECF No. 1 at 5, ¶ 32); and (3) "unlawful removal absent judicial review" (ECF No. 1 at 5, ¶¶ 33-34).

In his motion, petitioner requests that the Court prohibit respondents from removing petitioner from the United States; order petitioner's immediate release under supervision; order respondents to produce travel documents and embassy communications; and set an expedited briefing schedule. (ECF No. 2 at 5.)

---

12 at 2, 3, and 4.) This minute order also informed petitioner of the requirements under Local Rule 181 for Certified Students. (ECF No. 13.) Petitioner addressed all three issues in a notice filed on January 12, 2026, admitting error for the citations, apologizing, and submitting citations for two different cases: "Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025); Phan v. Becerra, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735 (E.D. Cal. July 16, 2025)." (ECF No. 16.) The Court has confirmed that these are citations for actual cases that are relevant to the issues raised in petitioner's brief. At the January 13, 2026 hearing, the Court addressed the hallucinated citations and ordered petitioner's counsel to order the transcript for the hearing, provide the transcript to the law student on petitioner's filings and to any staff who assists petitioner's counsel, require the law student and any staff to read the hearing transcript, and provide written confirmation of the completion of this order. (See ECF No. 18.)

**A.     Proper Respondent**

In the opposition, respondents move to strike and dismiss all improperly named respondents. (ECF No. 11 at 1 n. 1.) Respondents state that the proper respondent is the facility administrator at the Mesa Verde ICE Processing Center, where petitioner is detained. (Id.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement— 'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." Doe v. Garland, 109 F.4th 1188, 1199 (9th Cir. 2024). Petitioner filed a reply, but did not respond to the government's request, which is interpreted as a non-objection. The government's request is granted. The Court dismisses all respondents but Minga Wofford, Warden of the Mesa Verde ICE Processing Center.

**B.     Likelihood of Success on the Merits**

In his petition and motion, petitioner argues that ICE has failed to produce travel documents for petitioner despite petitioner's request, failed to identify the receiving country, and failed to offer a timeline for removal. (ECF No. 1 at 1, 3; ECF No. 2 at 4, 7, 9.) Petitioner argues that his detention violates Zadvydas and that detention is presumptively unconstitutional after six months. (ECF No. 1 at 4, ¶¶ 29-30; ECF No. 2 at 5, 8-9.)

With the government's opposition, respondent provided the travel document issued for petitioner from Laos (ECF No. 11-4 at 36); a December 19, 2025 Notice of Imminent Removal Pursuant to 8 C.F.R. 241.4(g)(4) informing petitioner that "ICE is in possession of a travel document to affect your removal and expects this to occur in January 2026" (id. at 45-46); a December 19, 2025 Notice of Revocation of Release, which explained that petitioner's supervised release was revoked based on changed circumstances in his case (id. at 48-49); and a January 6, 2026 Notice of Removal that identified Laos as the receiving country (id. at 61). In petitioner's reply, petitioner fails to address any of these issues. (See ECF No. 12.)

The Court concludes that petitioner is not likely to succeed on the merits. Most of

petitioner's arguments and claims are moot given that the government provided the requested travel document, identified the receiving country, and identified the timeline for removal. The Court turns to petitioner's remaining arguments.

Petitioner is not likely to succeed on his first claim and argument that his detention violates Zadvydas because it "exceeds the presumptively reasonable period" of six months.[6] (See ECF No. 1 at 4, ¶ 29; ECF No. 2 at 8-9.) Petitioner presents no evidence that he has been detained more than six months, and fails to respond to the government's documentation submitted with its opposition that establishes the following. Petitioner was initially detained on or about May 6, 2020, and released two months later on July 10, 2020. (ECF No. 11-1 at 13-20; ECF No. 11-4 at 25, 30-34; Villagran Decl., ¶¶ 12, 14.) Petitioner was re-detained on December 19, 2025, and filed his habeas petition and motion one week later on December 26, 2025. (ECF No. 11-1 at 59-60; Villagran Decl., ¶ 17.) As of January 13, 2026 when the hearing was held, petitioner has been detained in total, including his initial 2020 detention, for approximately three months (89 calendar days).

Petitioner's second claim for procedural due process is based on the alleged failure to "provide an opportunity to challenge removal."[7] (ECF No. 1 at 5, ¶ 32.) Petitioner argues that the government violated due process because petitioner's release was revoked "without neutral review or consideration of less restrictive alternatives." (ECF No. 12 at 4.) Petitioner is not likely to succeed on his second claim.

Pursuant to 8 C.F.R. § 241.13(i)(2), the government may revoke the release of a noncitizen subject to a final order of removal who has been released under an order of supervision if the government determines that "there is a significant likelihood that the alien may be removed in the reasonably foreseeable future" due to changed circumstances. This case is different from cases like Vuong v. Becerra, 2025 WL 3707172, at *3-4 (E.D. Cal. Dec. 22, 2025), where district courts have found that the government failed to follow its own regulations to revoke release under

---

[6] The Court declines to reach the legal argument regarding whether Zadvydas applies where the underlying factual basis for the argument is not present.

[7] The portion of this claim based on ICE's refusal to disclose travel documents is moot. (See ECF No. 1 at 5, ¶ 32.)

8 C.F.R. § 241.13, or cases like Vu v. Noem, 2025 WL 3114341, at *5-7 (E.D. Cal. Nov. 6, 2025), where the government did not meet their burden to show a significant likelihood that the noncitizen may be removed in the reasonably foreseeable future.

Here, the government followed its regulations and there is a significant likelihood that petitioner may be removed in the reasonably foreseeable future where a Laotian Travel Document was recently issued for petitioner. Petitioner was subject to a final removal order. (ECF No. 11-4 at 27-28.) After the government received a Laotian Travel Document for petitioner, DHS issued a warrant for petitioner's removal and re-detained petitioner on December 19, 2025 after issuing a Notice of Imminent Removal, which informed petitioner that "ICE is in possession of a travel document to affect your removal and expects this to occur in January 2026" (ECF No. 11-4 at 45-46), and issued a Notice of Revocation of Release, which explained that petitioner's supervised release was revoked based on changed circumstances in his case (id. at 48-49). ICE promptly held an informal interview with petitioner on December 19, 2025, as required by 8 C.F.R. § 241.13(i)(3). (ECF No. 19 & 19-1.) Petitioner was provided with the opportunity to respond to the reasons for the revocation, to show no significant likelihood of removal in the reasonably foreseeable future, and to provide a statement or claim regarding fear of deportation to Laos. See 8 C.F.R. § 241.13(i)(3). In his reply, petitioner does not indicate that he claims fear of being removed to Laos or that he has initiated any process to claim such a fear. (See ECF No. 12.) In addition, as of January 12, 2026, there is no record that petitioner or petitioner's counsel has expressed a fear of petitioner's removal to Laos. (ECF No. 17.)

Petitioner's third claim for "unlawful removal absent judicial review" appears to actually be a ground for relief, not a habeas claim, as petitioner requests that the Court enjoin his removal to preserve habeas review. (See ECF No. 1 at 5, ¶¶ 33-34.) This district court has already ordered respondents not to transfer petitioner out of this district, preserving this district court's jurisdiction over this habeas petition. (ECF No. 6.)

Having concluded that the petitioner is not likely to succeed on his claims, the Court

/ / /

/ / /

9

declines to reach the parties' other arguments.[8]

### C.   Other Preliminary Injunction Factors

Because the first preliminary injunction factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. Baird v. Bonta, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted). Therefore, the Court declines to reach the remaining preliminary injunction factors because the Court finds that petitioner is not likely to succeed on the merits.

## VI.   CONCLUSION AND ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. The government's request to dismiss all improperly named respondents is GRANTED, and respondents Moises Becerra, Kristi Noem, and Pamela Bondi are dismissed. The Clerk of the Court is directed to amend court records to reflect that Minga Wofford, Warden of the Mesa Verde ICE Enforcement Processing Center, is the only respondent.

2. Petitioner's motion for preliminary injunction is DENIED.

3. Petitioner has requested an expedited schedule. By **9:00 a.m. on January 26, 2026**, the parties are ordered to submit a Joint Status Report as to whether the case should proceed to addressing the habeas petition on the merits. If either party indicates that the case should proceed to the merits, by **5:00 p.m. on January 30, 2026**, petitioner is ORDERED TO SHOW CAUSE why this Court should not convert this preliminary injunction order into a final order on the merits of petitioner's habeas petition. Thereafter, respondent may file a response within seven (7) days of the filing of petitioner's Order to Show Cause response, and petitioner may file an optional reply

---

[8] In its opposition, the government raises an argument regarding judicial review of a Convention Against Torture ("CAT") claim and procedures for CAT claims. (See ECF No. 11 at 7, 8.) The government confirmed at the hearing that there is no CAT claim at issue. The Court also declines to reach the government's jurisdiction arguments regarding the government's removal order or execution of the final removal order. (See ECF No. 11 at 3-4, 7-8.)

1 | within three (3) days of the filing of respondent's response.

Dated: January 21, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/Xion2004.imm.pi/2