UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT XIONG, | No.  1:25-cv-2004 CSK |
| Petitioner, | |
| v. | ORDER RE: ORDER TO SHOW CAUSE |
| MINGA WOFFORD, | (ECF No. 49) |
| Respondent. | |

Pending before the Court is the Order to Show Cause ("OSC") why sanctions should not issue for Petitioner That Xiong's failure to comply with the Court's January 13, 2026 Order.[1] 4/9/2026 OSC (ECF No. 49).

I.    BACKGROUND

The background provided in the Court's prior orders is incorporated here.  (See ECF Nos. 20, 47.)  On April 9, 2026, the Court issued its merits order and noted its serious concern that Petitioner again filed a brief with the court that contained incorrect citation to legal authority, which again appear to have been the result of the improper or irresponsible use of generative artificial intelligence.  4/9/2026 Order at 11-13 (ECF No. 47).  This section focuses on providing updates since the April 9, 2026 merits order.

---

[1]  The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (ECF No. 9.)

1

On April 9, 2026, the Court issued an Order to Show Cause ("OSC") why sanctions should not issue for Plaintiff's failure to comply with the Court's January 13, 2026 Order. 4/9/2026 OSC (ECF No. 49); see also 1/9/2026 Order (ECF No. 13); 1/13/2026 Minutes (ECF No. 18); 1/21/2026 Order at 5-6 n.5 (ECF No. 20).  Petitioner was ordered to provide in his OSC response signed declarations from Petitioner's counsel, law student Gina Herrera, and any and all other staff who assisted Petitioner's counsel regarding compliance with the Court's January 13, 2026 Order; a detailed description of how the hallucinated citations were included in Petitioner's reply brief at ECF No. 12; a detailed description of what steps were taken to confirm whether counsel's filings in other immigration habeas cases filed in the Eastern District of California also contained hallucinated citations and what steps were taken to bring those issues to the district court's attention; a table of authorities of all cases Petitioner has cited in all of Petitioner's filings in this action, Case No. 1:25-cv-2004-CSK, organized by filing, including (1) the verbatim citation in Petitioner's filing, the ECF number of the filing, and the page number of the filing on which the authority is cited; (2) identification of whether each citation is an accurate citation or whether it is a hallucinated or fictitious citation; and (3) for each citation, if the citation is an accurate citation for an actual case, a complete copy of the actual case/decision cited attached to the table of authorities.  4/9/2026 OSC.

An in-person hearing on the OSC was held on April 17, 2026 where Petitioner's counsel Robert Cummings and law student Gina Herrera, and Respondent's counsel Audrey Hemesath appeared.  (ECF No. 52.)  At the hearing, the Court ordered Petitioner's counsel to file: (1) an updated table of authorities (ECF No. 51) with an index of the attached cases without any changes to the table of authorities previously filed besides adding the index that lists the cases attached; (2) based on Ms. Herrera's statements at the hearing that she used ChatGPT to assist with drafting Petitioner's TRO reply brief (ECF No. 12) and Petitioner's consolidated opposition (ECF No. 34) that contained hallucinated citations, submission of the ChatGPT history used for drafting this reply brief; (3) the ChatGPT history used for drafting Petitioner's consolidated opposition (ECF No. 34); and (4) a copy of the Notice of Errata referenced by Petitioner's counsel to identify incorrect or hallucinated citations in another one of counsel's cases.  (See ECF No. 52.)  The

2

Court expressly noted at the hearing that if Petitioner believed the ChatGPT history was subject to the attorney-client privilege or attorney work product doctrines, Petitioner should identify this issue and request sealing of his supplemental response.  Petitioner timely submitted these additional materials.  (ECF Nos. 53-55.)  The Court notes that the Notice of Errata submitted by counsel indicates that this notice was filed on January 14, 2026.  (ECF No. 55.)

## II.    DISCUSSION

On January 13, 2026, the Court ordered Petitioner's counsel to order the transcript from the January 13, 2026 hearing where the hallucinated citations in Petitioner's TRO reply brief was addressed, provide the transcript to law student Herrera and any staff who assist him, require the law student and any staff who assist counsel to read the transcript, and provide written confirmation to the Courtroom Deputy of compliance within two months of the January 13, 2026 hearing.  (ECF No. 18)  Counsel was also required to review his other immigration habeas cases filed in this district to see if those cases also had hallucinated citation issues, and if so, to bring those issues to the attention of the district court.  At the April 17, 2026 OSC hearing, counsel and the law student confirmed that they both receive CM/ECF notifications of all court filings, including the January 13, 2026 minutes that summarized the Court's order in writing.

Based on Petitioner's OSC response, the April 17, 2026 OSC hearing, and supplemental filings, the Court concludes that Petitioner's counsel failed to fully comply with the Court's January 13, 2026 order.  Counsel apparently had the law student attempt to comply with the Court's order; the law student ordered an audio recording of the hearing and stated at the hearing that she listened to the audio recording.  (See ECF No. 50.)  Counsel and the law student reviewed their other immigration habeas cases filed in this district and identified one other case with hallucinated citations, and filed a Notice of Errata in this case.  4/15/2026 Robert Cummings Decl. ¶¶ 10-11 (ECF No. 50 at 43); 4/15/2026 Gina Herrera Decl. ¶ 12 (ECF No. 50); Notice of Errata (ECF No. 55.).  Petitioner's counsel failed to provide written confirmation of compliance, failed to order the written transcript, and failed to require the law student to read the transcript.

Petitioner's counsel acknowledged that he failed to adequately supervise the law student where he did not adequately check her work, including various citations in the filings at issue.  It

3

is also unclear whether counsel even realized Ms. Herrera was using ChatGPT to assist in drafting the filings at issue.  The Court accepts counsel's acknowledgment of his errors and he appeared to be sincerely remorseful for his failures at the OSC hearing.  See also 4/15/2026 Cummings Decl. (ECF No. 50).  The Court also credits counsel's explanation that during the time period when Petitioner's TRO reply brief was filed on January 7, 2026 and Petitioner's consolidated opposition was filed on March 18, 2026, counsel was traveling during part of this time period to help care for his elderly, ill father, who passed away on February 25, 2026.  4/15/2026 Cummings Decl. ¶¶ 3-6 (ECF No. 50).

At the OSC hearing, Ms. Herrera candidly responded to the Court's questions, openly acknowledging her use of ChatGPT to assist in drafting the filings at issue and to verify citations. She also sincerely acknowledged her error and at least initially with the TRO reply brief, appeared unaware that ChatGPT and other artificial intelligence ("AI") and generative AI tools could provide hallucinated or inaccurate information.  Though the Court finds troubling that the table of authorities provided in the OSC response (ECF No. 50) did not follow the Court's instructions where it incorrectly identified certain hallucinated citations as accurate[2] and did not include the verbatim citation for certain citations identified as hallucinated, the Court accepts Ms. Herrera's explanation and concludes that these errors were not intended to mislead the Court. These errors and the apparent lack of understanding regarding the failure to follow the Court's instructions underscores, however, the critical need for training before counsel, law students, and parties use certain AI tools in court or court filings.

After the Court issued its OSC on April 9, 2026, petitioner's counsel implemented a formal written policy governing the use of AI tools within his sole practitioner firm, which both counsel and the law student have signed.  See 4/15/2026 Cummings Decl. ¶¶ 12-13 (ECF No. 50 at 41-43) & Exh. 2 (ECF No. 50 at 52-54); 4/15/2026 Herrera Decl. ¶ 14 (ECF No. 50 at 8) &

---

[2]  For example, Petitioner listed the *"Flores v. Barr"* citation as accurate in the table of authorities (ECF No. 50) though this case was specifically identified by the Court in its January 9, 2026 Minute Order (ECF No. 13) and at the January 13, 2026 hearing as not being accurate and Petitioner's counsel already acknowledged this was not an accurate citation in it Notice (ECF No. 16).

4

Exh. 3 (ECF No. 50 at 38-40). In addition, counsel and the law student completed AI-related training on April 14 and April 15, 2026. Cumming Decl. ¶¶ 14-15, Exh. 2 (ECF No. 50 at 49-51); 4/15/2026 Herrera Decl. ¶ 13 & Exh. 2 (ECF No. 50 at 35-36). While this training should have occurred <u>before</u> the use of generative AI tools such as ChatGPT and not simply in response to the OSC, the Court recognizes that taking this training is an acknowledgment by counsel and the law student that training was needed.

## III.    CONCLUSION

After careful consideration, including the involvement of a law student at the beginning of their legal career and for the reasons stated above, the Court exercises its discretion to discharge the OSC (ECF No. 49) and declines to impose sanctions on Petitioner's counsel Cummings or law student Herrera for counsel's failure to fully comply with the Court's January 13, 2026 order. The Court repeats its admonishment that while AI and generative AI tools can assist counsel and parties, these tools must be used responsibly. They should <u>not</u> be used to verify legal authority and citations, especially when generative AI tools were used to generate or identify the legal authority and citations being checked.

Dated:  May 20, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/xion2004.25.osc

5